# No. 22-12792

---

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

---

**UNITED STATES OF AMERICA,**

**Appellee,**

**vs.**

**GREGORY McMICHAEL,**

**Appellant.**

---

ON DIRECT APPEAL FROM THE
UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA

---

**PETITION FOR REHEARING EN BANC
BY GREGORY McMICHAEL**

---

**A. J. Balbo, Esq.**
**Georgia Bar No. 142606**
**438 West General Screven Way, Ste. A**
**912.876.6666 – Telephone**
**aj@balbogregg.com**
**Attorney for Gregory McMichael**

No. 22-12792
**United States v. Gregory McMichael**

---

**CERTIFICATE OF INTERESTED PERSONS
AND CORPORATE DISCLOSURE STATEMENT**

Pursuant to 11th Cir. R. 26.1, counsel files this Certificate of Interested Persons and Corporate Disclosure Statement as follows:

Arbery, Ahmaud

Balbo, Attilio J. (A. J.)

Balbo & Gregg, Attorneys at Law, P.C.

Bernstein, Barbara (Bobbi)

Braniff, Andrew

Bryan, William "Roddie"

Cheesbro, Hon. Benjamin W.

Copeland, Amy Lee

Heap, Meg

J. Pete Theodocion, P.C.

Levine, Brant

Lyons, Tara M.

**No. 22-12792**
**United States v. Gregory McMichael**

McMichael, Gregory

McMichael, Travis

Perras, Christopher J.

Rouse + Copeland, L.L.C.

Steinberg, Jill

Theodocion, J. Pete

Wood, Hon. Lisa G.

No publicly traded company or corporation has an interest in the outcome of this matter.

Respectfully submitted this 1st day of January, 2026.

/s A. J. Balbo
A. J. Balbo, Esq.
Georgia Bar No. 142606
438 West General Screven Way, Ste. A
912.876.6666 – Telephone
aj@balbogregg.com

Attorney for Appellant G. McMichael

## STATEMENT OF COUNSEL

We express a belief, based on a reasoned and studied professional judgment, pursuant to Rule 35(b)(1)(B) of the Federal Rules of Appellate Procedure and Eleventh Circuit Rules 35-3 and 35-5(c), that these questions are worthy of en banc review:

1.    Whether automobiles should be considered *per se* instrumentalities of interstate commerce in regards to Gregory McMichael's kidnapping charge under 18 U.S.C. § 1201(a)(1), and if not, whether the Gregory McMichael's intrastate use of an automobile to drive and park on the streets of a residential neighborhood is sufficient to confer jurisdiction supporting a conviction of the same?

2.    Whether sufficient evidence was adduced at trial to support convictions of Gregory McMichael for interference of rights, a violation of 18 U.S.C. § 245(b)(2)(B), on the basis that Gregory McMichael acted "because of" Mr. Ahmaud Arbery's use of a public facility, namely a public street?

3.    Whether the Government sufficiently proved that Gregory McMichael's actions actually took place on a public facility, namely a street in a private neighborhood?

*/s A. J. Balbo*
A. J. Balbo, Esq.
Attorney for Gregory McMichael

i

# TABLE OF CONTENTS

Certificate of Interested Persons and Corporate Disclosure Statement . . . . C-1

Statement of Counsel . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

Table of Contents . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  ii

Table of Citations . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  iv

Statement Regarding Adoption of Petition of Other Party . . . . . . . . . . . .  vii

Statement of the Issues Meriting Rehearing En Banc Consideration . . . . .  1

Statement of Course of Proceedings and Disposition of the Case . . . . . . .  3

Argument and Citation of Authority . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

    I.    The Panel Held that Automobiles, Such as
        Travis McMichael's Truck, are *Per Se*
        Instrumentalities of Interstate Commerce .. . . . . . . . . . . . . . . . 6

        A. The panel's opinion misinterprets prior holdings of
           the Supreme Court and this Circuit in cases such
           as Lopez and Ballinger. . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

        B. The Tenth Circuit's reasoning in Chavarria
           rejects a *per se* designation of automobiles as
           instrumentalities argument. . . . . . . . . . . . . . . . . . . . . . . . . . 8

        C. A case-by-case approach to examining whether a
           motor vehicle is an instrumentality of interstate
           commerce properly reins in federal overreach. . . . . . . . . . . 9

D. Congress did not statutorily intend for § 1201
to reach the conduct in a case devoid of
any substantial connection to interstate commerce. . . . . . . . . .  10

II. The panel wrongly affirmed Gregory McMichael's
conviction for interference of rights even though there
was lack of sufficient evidence supporting the same. . . . . . . . . .  12

III. The Government failed to prove that the streets of
the Satilla Shores subdivision were, in fact, public
streets for purposes of defining them as public facilities. . . . . . . .  14

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  15

Certificate of Compliance . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  16

Certificate of Service . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  16

# TABLE OF CITATIONS

## CASES

### United States Supreme Court

Air Wisconsin Airlines Corp. v. Hoeper, 571 U.S. 237 (2014) . . . . . . . . . . . . . . 11

Burrage v. United States, 571 U.S. 204 (2014) . . . . . . . . . . . . . . . . . . . . . . . . 12-13

University of Tex. Southwestern Medical Center
 v. Nassar, 570 U.S. 338 (2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  13

Jones v. United States, 529 U.S. 848 (2000) . . . . . . . . . . . . . . . . . . . . . . . .  10

United States v. Lopez, 514 U.S. 549 (1995) . . . . . . . . . . . . . . . . . . . . . . . . . 7

United States v. Pensacola Tel. Co. v. W. Union Tel. Co., 96 U.S. 1 (1877) . . . .  9

### Circuit Courts of Appeal

United States v. Bryan, 2025 U.S. App. LEXIS 29851, *45 (11th Cir. 2025) . passim

United States v. Chavarria, 140 F.4th 1257 (10th Cir. 2025) . . . . . . . . . . 2, 8-9, 11

United States v. Protho, 41 F.4th 812 (7th Cir. 2022) . . . . . . . . . . . . . . . . . . . . . 2

United States v. Feldman, 936 F.3d 1288 (11th Cir. 2019) . . . . . . . . . . . . . . 12-13

Garcia v. Vanguard Car Rental USA, Inc., 540 F.3d 1242 (11th Cir. 2008) . . . . . 10

United States v. Ballinger, 395 F.3d 11218 (11th Cir. 2005) (en banc) . . . . . .  2, 7-8

United States v. Mieres-Borges, 919 F.2d 652 (11th Cir. 1990) . . . . . . . . . . . . . 3

United States v. Kelly, 888 F.2d 732 (11th Cir. 1989) . . . . . . . . . . . . . . . . . . . . . 3

## STATUTES AND OTHER AUTHORITY

18 U.S.C. § 245(b)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i, vii, 2-4, 13

18 U.S.C. § 924(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

18 U.S.C. § 1201(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i, 1-2, 6, 10-11

18 U.S.C. § 2119 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

18 U.S.C. § 2312 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

18 U.S.C. § 2313 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

18 U.S.C. § 2322 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

18 U.S.C. § 2365 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11-12

Fed. R. App. P. 28(i) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vii

Fed. R. Crim. P. 29 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 4

Fed. R. App. P. 32(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Fed. R. App. P. 34(a)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

Fed. R. App. P. 35(b)(1)(B) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

Fed. R. App. P. 40(d)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

11th Cir. R. 26.1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . C-1

11th Cir. R. 35-3 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

11th Cir. R. 35-5 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

11th Cr. R. 40-3 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

## STATEMENT REGARDING ADOPTION OF
## PETITION OF OTHER PARTY

In accordance with Fed. R. App. P. 28(i), and to the extent permitted by this Circuit, Gregory McMichael adopts the arguments made by Co-Defendant Travis McMichael in his Petition for en banc review.  Specifically, Gregory McMichael adopts and joins the arguments made pertaining to the following question:

1.    Whether the Government sufficiently demonstrated that the streets in the Satilla Shores subdivision are "public streets," and whether those same streets qualify as "public facilities" as defined by 18 U.S.C. § 245, Interference of Rights.

No. 22-12792

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT
_____

UNITED STATES OF AMERICA,

Appellee,

vs.

GREGORY McMICHAEL,

Appellant.
_____

STATEMENT OF THE ISSUES MERITING
EN BANC CONSIDERATION

The panel sustained Gregory McMichael's conviction on the kidnapping charge, a violation of 18 U.S.C. § 1201, grounded in the premise that automobiles are *per se* instrumentalities of interstate commerce. There was, however, a well-reasoned dissent which argues that the majority's ruling places the Circuit on "the wrong side of a developing split by overly broadening federal jurisdiction over automobiles." United States v. Bryan, 2025 U.S. App. LEXIS 29851, *45 (11th Cir.

1

Nov. 14, 2025) (Calvert, J., dissenting).  In arriving at its decision, the majority interpreted this Circuit's prior holding in <u>United States v. Ballinger</u>, 395 F.3d 1218, 1228 (11th Cir. 2005) (en banc), to support the conclusion that vehicles are *per se* instrumentalities of interstate commerce.  <u>Id.</u> at 34-35.  A similiar view is also shared by the Seventh Circuit in <u>United States v. Protho</u>, 41 F.4th 812, 828 (7th Cir. 2022), which focused on the nature of the regulated object's class rather than its particular use.  There is no uniformity among the circuits on this point, however.  The Tenth Circuit recently rejected the argument that motor vehicles are *per se* instrumentalities, instead requiring a deeper examination into how such vehicles are used on a case-by-case basis.  <u>United States v. Chavarria</u>, 140 F.4th 1257, 1265-1267 (10th Cir. 2025).  Thus, there exists a palpable split among the circuits on this issue.

The panel also erred in upholding Gregory McMichael's conviction for interference with rights, a violation of 18 U.S.C. § 245(b)(2)(B), because there was insufficient evidence presented that he acted "but-for" Ahmaud Arbery's running on a public street in the Satilla Shores subdivision.  Although this issue was raised at trial, a post-conviction Rule 29 motion, and before the panel, the fact remains that allowing this conviction to stand would still be wrong.  If there is a lack of sufficient

2

evidence, even viewed in a light most favorable to the Government, from which a reasonable factfinder could find guilt beyond a reasonable doubt, "the conviction must be reversed." United States v. Mieres-Borges, 919 F.2d 652, 656 (11th Cir. 1990) (citing United States v. Kelly, 888 F.2d 732,740 (11th Cir. 1989)).

Finally, the trial court and panel erred in their conclusions that Glynn County provided and administered the roads in the Satilla Shores neighborhood, thus affording the Government jurisdiction over the alleged interference with rights offense, which requires as an element the enjoyment of a facility "provided or administered by any State or subdivision thereof[.]" 18 U.S.C. § 245(b)(2)(B).[1]

## STATEMENT OF COURSE OF PROCEEDINGS AND DISPOSITION OF THE CASE

Gregory McMichael[2] was charged in a five-count indictment with interference of rights, kidnapping, and using a firearm in connection with a crime of violence, all of which resulted in the death of Mr. Ahmaud Arbery (hereinafter, "Mr.

---

[1] This particular argument will be more thoroughly explained in Travis McMichael's petition for en banc review. Accordingly, Gregory McMichael adopts those arguments in the instant Petition.

[2] Because co-defendant Travis McMichael shares the same surname as his father, Appellant Gregory McMichael's full name will be used throughout this Petition to avoid confusion.

Arbery"). Dkt. 1.  Specifically, the Government charged Gregory McMichael in Count One with interference of rights, a violation of 18 U.S.C.§ 245(b)(2)(B), for allegedly using force and threats of force to intimidate and interfere with Mr. Arbery because he was on a public street and because of his race; Count Three with attempted kidnapping, a violation of 18 U.S.C. § 1201(a), for allegedly attempting to seize or confine Mr. Arbery and hold him for reward or benefit; and Count Five with a firearms offense, a violation of 18 U.S.C. § 924(c), for allegedly carrying, using, or brandishing a firearm in connection with a crime of violence, to-wit: the interference of rights charged in Count One.

After a trial lasting six days, the jury returned guilty verdicts as to each of the three counts against Gregory McMichael on February 22, 2022. Dkt. 218.  The jury also returned guilty verdicts as to all counts pending against the two other co-defendants, Travis McMichael and William "Roddie" Bryan. Id.

On March 8, 2022, Gregory McMichael timely submitted a Motion for Judgment of Acquittal, pursuant to Rule 29 of the Federal Rules of Criminal Procedure, alleging that the Government failed to prove its case against him as to any count because the evidence was insufficient to sustain a conviction. Dkt. 229. The district court denied Gregory McMichael's Motion for Judgment of Acquittal

4

on August 4, 2022, ruling that the evidence was "more than sufficient" to support the convictions. Dkt. 257.

On August 8, 2022, the district court sentenced Gregory McMichael to be imprisoned for Life, plus seven years. Dkt. 264.  The sentence consisted of terms of Life as to Count 1 and 240 months as to Count 3, to be served concurrently, plus seven years as to Count 5, to be served consecutively to all other counts. Id.  The federal sentence was further ordered to be served concurrently with the sentence imposed in Glynn County (Georgia) Superior Court, Docket Number CR2000433.[3]

A timely appeal was submitted to the 11th Circuit and oral argument was made on March 27, 2024.  After thoughtful consideration, the panel issued an opinion affirming all convictions on  November 14, 2025.  As described above, that opinion also contained a reasoned dissent on the matter of automobiles being considered *per se* instrumentalities of interstate commerce.  An extension was given until January 2, 2026 to file for rehearing.  Gregory McMichael seeks rehearing en banc.

---

[3] In state court proceedings based upon the same circumstances found in the instant federal case, Gregory McMichael and his two co-defendants were found guilty of murder and sentenced to life in prison. Dkt. 257.  As of the drafting of this petition for rehearing en banc, the state transcripts are still pending completion, but it is expected that those convictions and sentences will be appealed by all defendants.

## ARGUMENT AND CITATION OF AUTHORITY

**I.  The Panel Held that Automobiles, Such as Travis McMichael's Truck, are *Per Se* Instrumentalities of Interstate Commerce.**

To sustain a conviction for kidnapping against Gregory McMichael, the Government must show that automobiles, namely Travis McMichael's truck in which Gregory was riding, is an "instrumentality of interstate or foreign commerce [used] in committing or in furtherance of the commission of the offense." 18 U.S.C. § 1201(a)(1).  In this case, however, Gregory McMichael rode in his son's truck exclusively on the streets of a residential community.  "There was no interstate travel, no use of the interstate highway system, no exchange of communications via phone or text message, and no use of the Internet." United States v. Bryan, 2025 U.S. App. LEXIS 29851, *45-46 (11th Cir. Nov. 14, 2025) (Calvert, J., dissenting). Moreover, there is no indication that Congress ever intended by the plain wording of § 1201 to include all automobiles as instrumentalities of interstate commerce. Id. at 55.  The majority of the panel concluded that Travis McMichael's vehicle— indeed all automobiles—are instrumentalities of interstate commerce. Id. at 37 ("We hold that automobiles . . . are *per se* instrumentalities of interstate commerce").

6

**A. The panel's opinion misinterprets prior holdings of the Supreme Court and this Circuit in cases such as <u>Lopez</u> and <u>Ballinger</u>.**

The Supreme Court identified three broad categories of activities that Congress can regulate under its commerce power: 1) channels of interstate commerce, such as transportation routes; 2) instrumentalities of commerce, including the persons or things traveling in interstate commerce; and 3) those activities that substantially affect interstate commerce. <u>United States v. Lopez</u>, 514 U.S. 549, 558-559 (1995). The Supreme Court pointed out, however, that the Government's arguments in <u>Lopez</u>, if taken to the extreme, would leave the Court "hard pressed to posit any activity by an individual that Congress is without power to regulate." <u>Id.</u> at 564.[4]

The majority noted that it is this second category, instrumentalities of interstate commerce, that is at issue in this case. <u>United States v. Bryan</u>, 2025 U.S. App. LEXIS 29851, *37. In support of its reasoning, the panel cited this Court's previous holding, "that Congress could proscribe a defendant's conduct which involved driving 'a van, an instrumentality of interstate commerce.'" <u>United States</u>

---

[4] Therefore, even in this seminal case, the Supreme Court recognized that there must be some restraint on the breadth and reach of federal jurisdiction.

v. Bryan, 2025 U.S. App. LEXIS 29851, *37-38 (quoting United States v. Ballinger, 395 F.3d 1218, 1226 (11th Cir. 2005) (en banc) (internal parentheses omitted)).

As the dissenting opinion accurately pointed out, Ballinger spent several pages detailing how the defendant in that case crossed state lines and traveled on interstate highways. Id. (citing Ballinger, 395 F.3d at 1227-40). Therefore, Ballinger does not stand for the proposition that all vehicles are *per se* instrumentalities of interstate commerce. In other words, real interstate travel and connections to commerce still matter, even under the examination employed by this Circuit in Ballinger.

### B. The Tenth Circuit's reasoning in Chavarria rejects a *per se* designation of automobiles as instrumentalities argument.

The Tenth Circuit was recently confronted with an argument that vehicles should be categorically designated as instrumentalities of interstate commerce and soundly rejected the same. United States v. Chavarria, 140 F.4th 1257, 1265 (10th Cir. 2025). Chavarria acknowledged that "instrumentalities of interstate commerce embrace wide swaths of conveyance and change with the times . . . [but that does not] say that any items which *could* be used for interstate commerce are

automatically instrumentalities of interstate commerce." <u>Chavarria</u> 140 F.4th at 1265 (citing <u>Pensacola Tel. Co. v. W. Union Tel. Co.</u>, 96 U.S. 1, 9 (1877)).

So, although "certain items—by virtue of their class and with judicial economy in mind—permit the reasonable inference that they are *per se* instrumentalities of interstate commerce," extending such an inference to all vehicles simply goes too far. <u>Id.</u> at 1265.[5]  Accordingly, when the Tenth Circuit had to answer the question of whether motor vehicles are always presumed to be instrumentalities of interstate commerce, they firmly answered, "they are not." <u>Id.</u> at 1266.

### C. A case-by-case approach to examining whether a motor vehicle is an instrumentality of interstate commerce properly reins in federal overreach.

A ruling that motor vehicles are *per se* instrumentalities of interstate commerce fails to limit the scope of federal jurisdiction and blasts open the door to rampant overreach.  As the dissenting opinion pointed out, "a holding that cars are

---

[5] Instrumentalities of interstate commerce that typically qualify for such an inference include railcars and airplanes.  The dissent points to the Tenth Circuit's explanation that "[t]he precise planning and careful coordination between the states required for air and rail traffic sets those modes of transportation apart as uniquely interstate." <u>United States v. Bryan</u>, 2025 U.S. App. LEXIS 29851, *51-52 (quoting <u>Chavarria</u>, 140 F.4th at 1266.

*per se* instrumentalities would vastly broaden federal power" and "could be read to embrace 'regulation of such quintessentially state law matters as traffic rules and licensing drivers." United States v. Bryan, 2025 U.S. App. LEXIS 29851, *53-54 (quoting Garcia v. Vanguard Car Rental USA, Inc., 540 F.3d 1242, 1250 (11th Cir. 2008)).  The alternative, a case-by-case approach to determining whether a vehicle was used in interstate commerce, ensures that federal prosecutions are properly moored to Congress's commerce power and protects against overreach.

### D. Congress did not statutorily intend for § 1201 to reach the conduct in a case devoid of any substantial connection to interstate commerce.

Section 1201(a)(1), the relevant portion of the kidnapping statute in this case, outlines three ways in which a defendant can be guilty of the charge.  Those three ways are the following: (1) the victim is willfully transported in interstate or foreign commerce; (2) the offender travels in interstate or foreign commerce; or (3) the offender "uses the mail or any means, facility, or instrumentality of interstate or foreign commerce in committing or in furtherance of the commission of the offense." Id.  As the dissent points out, it should be "assume[d] that Congress intended each jurisdictional prong to mean something different." United States v. Bryan, 2025 U.S. App. LEXIS 29851, *55-56 (quoting Jones v. United States, 529

10

U.S. 848, 857 (2000)).  Congress amended § 1201 in 2006 to add the third prong above, and it is a "cardinal rule of statutory construction that, when Congress employs a term of art, it presumably knows and adopts the cluster of ideas that were attached to each borrowed word in the body of learning from which it is taken." Chavarria, 140 F.4th at 1263 (quoting Air Wisconsin Airlines Cop. v. Hoeper, 571 U.S. 237, 248 (2014)).

The dissent makes a very compelling argument about how the majority's holding spawns a number of inconsistencies in several other criminal statutes involving motor vehicles "by rendering superfluous references to the vehicles being used or transported in commerce or across state lines." United States v. Bryan, 2025 U.S. App. LEXIS 29851, *56-57.  See 18 U.S.C. § 33 (tampering with motor vehicles "used, operated, or employed in interstate or foreign commerce"); 18 U.C.S. § 2119 (hijacking a "motor vehicle that has been transported, shipped, or received in interstate or foreign commerce"); 18 U.S.C. § 2312 (transporting stolen vehicles "in interstate or foreign commerce"); 18 U.S.C. § 2313 (sale or receipt of a motor vehicle "which has crossed a State or United States boundary after being stolen"); 18 U.S.C. § 2322 (defining "chop shops to mean facilities where persons dismantle and distribute vehicles or vehicle parts "in interstate or foreign commerce"); 18

11

U.S.C. § 3665 (judgment of conviction for "transporting a stolen motor vehicle in interstate or foreign commerce" may order confiscation and disposal of firearms).

Adhering to the holding of the majority makes the language of the aforementioned statutes clunky and superfluous. Such an outcome cannot have been the intention of Congress, nor is it a hallmark of sound statutory interpretation.

II.    **The panel wrongly affirmed Gregory McMichael's conviction for interference of rights even though there was lack of sufficient evidence supporting the same.**

To convict him of interfering with Mr. Arbery's rights, the Government needed to prove that Gregory McMichael "acted because of [Mr.] Arbery's enjoyment of a public facility—in this case, public streets in the Satilla Shores neighborhood of Brunswick, Glynn County, Georgia." Dkt. 216 at 19. The Government needed to show that Gregory McMichael acted "because of" Mr. Arbery's enjoyment of a public facility and such enjoyment "played a determinative role" in the decision to commit the offense. Id. It should not be enough for purposes of conviction that the offense merely took place on a public roadway.

The Supreme Court has interpreted the word "because" as requiring "but-for" causation. Burrage, 571 U.S. 204, 212 (2014); United States v. Feldman, 936 F.3d

12

1288, 1311-1312 (11th Cir. 2019).  Additionally, the Court has also equated the phrase "results from" as similarly requiring "but-for causality." Id.  Justice Antonin Scalia, who authored the majority opinion in Burrage, explained, "*results from* imposes, in other words, a requirement of actual causality . . . that the harm would not have occurred in the absence of—that is, but for—the defendant's conduct." Id. at 211 (emphasis added) (internal quotation marks omitted) (citing University of Tex. Southwestern Medical Center v. Nassar, 570 U.S. 338, 346-347 (2013)).

In this particular case, Gregory McMichael initiated his pursuit of Mr. Arbery as he ran down Satilla Drive. Dkt. 248 at 1227-1228.  The Government provided no evidence that Gregory McMichael had ever expressed an opinion that people of color should not be permitted to use public facilities, including the streets of his neighborhood.[6]  In fact, one of the Government's own witnesses testified that Gregory McMichael rented a home to people of color, including African Americans. Dkt. 251 at 1708-1710.  In other words, Defendant Gregory McMichael opened his

---

[6] Gregory McMichael is adopting the portion of co-defendant Travis McMichael's brief challenging whether the roads in the Satilla Shores subdivision are, in fact, public streets for purposes of 18 U.S.C. § 245(b).  For purposes of this argument, however, Gregory McMichael will assume the streets to be public.

*private facilities* to African Americans, which fact fatally undercuts the Government argument that he wanted to deprive Mr. Arbery of his right to run on a public street

There is simply no evidence to suggest that Gregory McMichael initiated his pursuit of Mr. Arbery *because* Mr. Arbery was running down a public street. Allowing this verdict to stand creates nearly a *per se* theory that any interference of rights case taking place on a public street necessarily satisfies the elements for conviction. Such a position unfairly strengthens the Government's power by removing the necessity of proving an element of an interference of rights case.

## III. <u>The Government failed to prove that the streets of the Satilla Shores subdivision were, in fact, public streets for purposes of defining them as public facilities.</u>

As referenced earlier in this Petition, Gregory McMichael adopts and incorporates that portion of Travis McMichael's petition for rehearing en banc that focuses on whether the streets of the Satilla Shores subdivision are public facilities within the context of the interference with rights charges.

## **CONCLUSION**

The undersigned, on behalf of Gregory McMichael, respectfully requests that this Petition for rehearing en banc be granted and the convictions reversed.

This 1st day January, 2026.

/s A. J. Balbo
A. J. Balbo
Ga. Bar. No. 142606
438 West General Screven Way, Ste. A
Hinesville, Georgia 31313
912.876.6666 – Telephone
Attorney for Gregory McMichael

15

## CERTIFICATE OF COMPLIANCE AND SERVICE

The undersigned counsel certifies that the foregoing Petition complies with Federal Rule of Appellate Procedure 32(a)(5), (6) because it has been prepared in Times New Roman 14-point, a proportionally-spaced typeface, using Microsoft Office 365 word processing software. Moreover, this Petition also complies with the type-volume limitation set forth in Federal Rule of Appellate Procedure 40(d)(3) and 11th Cir. R. 40-3 because it includes no more than 3,200 words and no more than 15 pages according to the same software. Finally, on the date set forth below, undersigned counsel uploaded this Petition to the Court's website, which promptly served opposing counsel:

> **Andrew Braniff**
> **Assistant United States Attorney**
> **Department of Justice – Appellate Section**
> **P.O. Box 14403, Ben Franklin Station**
> **Washington, D.C. 20044-4403**

This 1st day January, 2026.

> /s A. J. Balbo
> A. J. Balbo
> Ga. Bar. No. 142606
> 438 West General Screven Way, Ste. A
> Hinesville, Georgia 31313
> 912.876.6666 – Telephone
> Attorney for Gregory McMichael

16